IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALVADOR GONZALEZ,   No. CIV S-08-0173-MCE-CMK-P

    Plaintiff,

  vs.   ORDER

T. FELKER, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 4), filed on February 4, 2008.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants:  Felker, Foulk, Peery, Lockard, Lemon, Lynn, Bracket, Sears, Garbutt, Rodriguez, Sweeten, Freitas, Anderson, Camire, Moore, Tampien, Ruggero, Epperson, Turner, Zinn, Miller, and Doosenberry.[1]

Plaintiff alleges that, on January 16, 2007, prison guards arrived at his housing unit in a "hostile and threatening manner" armed with weapons in order to "cell extract us" for no reason.  He states "[w]e were accused of having our windows covered. . . ."  Plaintiff claims that the guards "targeted the Hispanic race and covered our windows from the outside so no one would witness their planned, malicious abuse."  He states this was done with the "authorization and/or supervision of Warden T. Felker" and the other named defendants.  As to the actions of specific defendants, plaintiff states:

- Tampien handcuffed him
- Ruggero placed him in leg restraints
- Epperson filmed the incident
- Camire held a shield
- Moore had a baton
- Turner and Lynn confiscated property
- Doosenberry forced plaintiff to walk naked in front of guards and staff

---

[1] The Clerk of the Court is directed to update the docket to add Miller and Doosenberry as named defendants to this action.

1 - Lockard threatened and harassed plaintiff and "intercepted" grievances

2 Plaintiff also appears to contend that he was found guilty of a rules violation by a biased hearing

3 officer based on falsified statements.  He states that his defenses were denied.  He does not,

4 however, claim that he was denied notice, assistance, or an opportunity to be heard.

Plaintiff attaches to his complaint a rules violation report dated January 16, 2007, which sheds some additional light on the incident.  The report, prepared by defendant Peery, states:

> The cause and effect leading to the mass disturbance occurred when staff attempted to move one Southern Hispanic out of Building C6 to Building C5 in order to compact bed space for an inmate released from ASU.  The Southern Hispanic was inmate VILLALOBOS, . . . and he refused to move and/or give up the cell.  Facility C sergeant J. Lynn counseled inmate VILLALOBOS concerning his refusal and ordered him to submit to being handcuffed and be escorted out of the cell.  Inmate VILLALOBOS refused the orders.  Sergeant Lynn explained to inmate VILLALOBOS that he would have to cell extract him if he refused to submit to handcuffs and voluntarily come out of the cell.  As such inmate GONZALES, . . . also a Southern Mexican inmate housed in [the same cell], stated to Sergeant Lynn that if inmate VILLALOBOS was cell extracted then all the Southern Mexican inmates will cover up their cell windows requiring staff to cell extract them.  Consequently all the Southern Hispanic inmates on Facility C upper yard did cover their cell windows requiring staff to cell extract them.
>
> During the incident, Dr. French from Mental Health Services was summoned to Facility C to discuss the issues with the inmates.  While he was talking, . . . inmates RODRIGUEZ, . . . and VEJAR, . . . threw an unknown liquid substance on him through the side of the cell doorway.  The liquid struck Dr. French in the chest and facial area.

## II.  DISCUSSION

The facts alleged by plaintiff appear, at best, to relate to two possible constitutional violations – a violation of the Eighth Amendment with respect to the cell extraction, and/or a violation of due process with respect to the resulting disciplinary hearing and guilty finding.

///

### A. Cell Extraction

According to plaintiff, he and other inmates never covered their windows and, therefore, there was no reason for the January 16, 2007, cell extraction. However, according to the rules violation report attached to the amended complaint, the inmates did in fact cover their windows in solidarity with inmate Villalobos. Assuming plaintiff's factual allegations are true, which the court must at this stage in the proceedings, there appears to be a dispute as to whether the cell extraction was justified. Therefore, the allegations in the amended complaint appear to support an Eighth Amendment claim.

However, plaintiff has only alleged specific conduct by defendants Tampien, Ruggero, Epperson, Camire, Moore, Turner, Lynn, and Doosenberry. with respect to the cell extraction. He alleges that defendant Felker "authorized and/or supervised" the cell extraction. Plaintiff does not allege personal involvement or knowledge as to any other named defendant. Plaintiff will be given an opportunity to either amend the complaint to specify the personal involvement of the other defendants in the cell extraction or stand on the existing complaint as to the allegations against defendants Felker, Tampien, Ruggero, Epperson, Camire, Moore, Turner, Lynn, and Doosenberry.

### B. Disciplinary Hearing

Plaintiff claims that the hearing officer was biased and evidence against him was falsified. When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is

1  not cognizable under § 1983 unless the conviction or sentence has first been invalidated on
2  appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520
3  U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural
4  defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary
5  sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not
6  cognizable because allegations were akin to malicious prosecution action which includes as an
7  element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v.
8  Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable
9  because allegations of procedural defects were an attempt to challenge substantive result in
10 parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because
11 challenge was to conditions for parole eligibility and not to any particular parole determination).
12 In particular, where the claim involves loss of good-time credits as a result of an adverse prison
13 disciplinary finding, the claim is not cognizable.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th
14 Cir. 1997).  If a § 1983 complaint states claims which sound in habeas, the court should not
15 convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such
16 claims must be dismissed without prejudice and the complaint should proceed on any remaining
17 cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49
18 F.3d at 585.

19         Because plaintiff's allegations relating to the prison disciplinary hearing, if true,
20 would necessarily imply the invalidity of the resulting guilty finding, the claim is not cognizable
21 absent a showing that the guilty finding has first been invalidated or expunged by way of habeas
22 corpus.  The amended complaint is silent on this point.  The amended complaint also does not
23 indicate whether good-time credits were assessed as a result of the guilty finding.  Further,
24 plaintiff does not specify which defendants were involved and how they were involved.  Plaintiff
25 will be given an opportunity to amend.
26 / / /

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state a cognizable Eighth Amendment claim, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a second amended complaint within 30 days of the date of service of this order.

DATED: April 4, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE