# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

SALVADOR GONZALEZ,　　　　　　　　No. CIV S-08-0173-MCE-CMK-P

　　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

FELKER, et al.,

　　　　　Defendants.

_____/

　　　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　　On February 10, 2010, the court directed plaintiff to file a trial-setting status report within 30 days. Plaintiff was warned that failure to comply could result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders. To date, plaintiff has not filed a status report.

　　　　　The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran,

46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules. See Ghazali, 46 F.3d at 53.

In this case, the court finds that dismissal is warranted for plaintiff's failure to file a status report. Specifically, absent status reports from the parties, the court is unable to schedule this matter through trial. Therefore, plaintiff's disobedience thwarts expeditious resolution of the case, the court's ability to manage its docket, and the public's interest in disposition on the merits.

Based on the foregoing, the undersigned recommends that this action be dismissed without prejudice for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 17, 2010

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE